UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

              Petitioner,            Case No. 1:21-cv-794

v.                                              Honorable Sally J. Berens

PROBABLE CAUSE CONFERENCE
DIRECTOR ET AL.,

              Respondents.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.      **Factual allegations**

Petitioner Derrick Lee Smith is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Petitioner is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court in 1998, 2008, and 2019.  MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner is serving the following terms of imprisonment:  four concurrent sentences of 17 years, 6 months to 35 years for four counts of first-degree criminal sexual conduct (CSC I), imposed on May 2, 2019; eight concurrent sentences of 22 years, 6 months to 75 years for six counts of CSC I and two counts of kidnapping, imposed on October 29, 2008; and two concurrent sentences of 6 to 15 years for two counts of third-degree criminal sexual conduct (CSC III), imposed on May 26, 1998.[1]  *See* http://mdocweb.state.mi.us/otis2/otis2.aspx (search MDOC Number 267009) (last visited Sept. 17, 2021).[2]  Petitioner pleaded guilty to the charges for which he was sentenced in 1998.  Petitioner pleaded *nolo contendere* to the charges for which he was sentenced in 2008 and 2019.

Petitioner has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan.  Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive.  The

---

[1] Petitioner was paroled on the 1998 sentences on October 4, 2007.  *Smith v. Mich. Parole Bd. et al.*, No. 2:07-cv-14775 (E.D. Mich.) (Pet., ECF No. 1, PageID.2.)  He had been out on parole for about three months when he committed the offenses leading to the 2008 sentences.  As a result, the 2008 sentences run consecutively to the 1998 sentences.

[2] This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner.  *See, e.g., Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

Court provided a detailed listing of Petitioner's prior petitions and their dispositions in *Smith v. Steward*, No. 1:21-cv-124 (W.D. Mich.) (Op., ECF No. 3, PageID.8–11.)  The *Smith v. Steward* petition was dismissed as deficient on its face.

The present petition raises one issue: the trial court lacked jurisdiction over Petitioner and his prosecution because the district court failed to conduct the probable cause conference required by Michigan Court Rule 6.108.³  (Pet., ECF No. 1, PageID.1.)  Although the petition is only a few sentences long, Petitioner's identification of the issue provides much of the information necessary to resolve the petition.

Because Petitioner contends that the district court failed to conduct the probable cause conference required by Michigan Court Rule 6.108, it is apparent that he is attacking his 2019 convictions.  Rule 6.108 was adopted in January of 2015 following the statutory creation of the probable cause conference requirement by amendment of Mich. Comp. Laws § 766.4 during May of 2014.  Petitioner's 2019 convictions are the only convictions that occurred after the requirement was created; therefore, those convictions are the only convictions that are implicated by the constitutional challenge he raises.

Petitioner's 2019 convictions only recently became final.  Petitioner entered his *nolo contendere* plea on April 18, 2019.  *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID= 3726541 (visited Sept. 17, 2021).  Petitioner was sentenced as described above on May 2, 2019.  He filed a delayed application for leave to appeal to the Michigan Court of Appeals.  That court denied leave initially, *People v. Smith*, No. 353503 (Mich. Ct. App. May 12, 2020), and upon reconsideration, *People v. Smith*, No. 353503 (Mich. Ct. App. June 25, 2020).  Petitioner then filed

---

³ Michigan Court Rule 6.108 provides, in relevant part, as follows: "The state and the defendant are entitled to a probable cause conference unless waived by both parties." Mich. Ct. R. 6.108(A).

an application for leave to appeal to the Michigan Supreme Court. The Supreme Court, in lieu of granting leave, remanded the matter to the court of appeals, noting that Petitioner initially sought leave to appeal the trial court's May 2, 2019 judgment of sentence and the trial court's November 13, 2019 order denying Petitioner's motion to withdraw his plea. *People v. Smith*, No. 161577 (Mich. Oct. 27, 2020).

On remand, the court of appeals reopened Petitioner's appeal; but the panel denied Petitioner's application for leave to appeal—not because it was late, but because it lacked merit. *People v. Smith*, No. 353503 (Mich. Ct. App. Feb. 10. 2021). Petitioner sought reconsideration, but the court denied that relief as well. *People v. Smith*, No. 353503 (Mich. Ct. App. Mar. 11, 2021).

Petitioner did not file a timely application for leave to appeal that decision to the Michigan Supreme Court. *See* https://www.courts.michigan.gov/c/courts/coa/case/353503/ (visited Sept. 17, 2021). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, the denial of Petitioner's conviction became final on April 6, 2021, 56 days after the court of appeals issued its order denying reconsideration of the order denying leave to appeal.

Petitioner filed motions for relief from judgment in the trial court. It appears all of Petitioner's motions were denied initially and upon reconsideration. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3726541 (visited Sept. 17, 2021). Petitioner sought leave to appeal the trial court's denial of his motion for relief from judgment. On July 6, 2021, the court of appeals has denied leave. *See* https://www.courts.michigan.gov/c/courts/coa/case/357046/ (visited Sept. 17, 2021). Petitioner has not sought leave to appeal to the Michigan Supreme Court, and his time for seeking that relief has expired.

Petitioner notes that he has "argued and articulated" his jurisdictional arguments, but he does not state whether he did that in his initial appeal or in the appeal relating to his post-judgment motions for relief.  (Pet., ECF No. 1, PageID.1.)

## II.     AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693–94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)).  This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d).  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002).  Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court.  *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011).  Thus, the inquiry is limited to

an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate

courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "[I]f a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits." *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

**III. Discussion**

It has long been the case that a valid guilty plea—or in Petitioner's case a *nolo contendere* plea[4]—bars habeas review of most non-jurisdictional claims alleging antecedent violations of

---

[4] In Michigan, a plea of *nolo contendere* has essentially the same effect on the criminal prosecution as does a plea of guilty:

> Since a plea of *nolo contendere* indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of *nolo contendere*. Hence, we hold that a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to

constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge brought against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.  Petitioner relies on the first category—he claims the trial court did not have jurisdiction over him and/or his criminal prosecution because he was not provided a probable cause conference as required by Michigan statute and court rule.

Petitioner's contention that the trial court did not have jurisdiction was "argued and articulated" in the state courts.  Whether he raised it on his direct appeal or his appeal relating to his motion for relief from judgment, Petitioner's argument was rejected by the Michigan Court of Appeals.

Petitioner never raised his "probable cause conference" argument in the Michigan Supreme Court after the court of appeals had rejected it on the merits.  Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present[]" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id*. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the

---

prosecute a defendant may be raised on appeal after entry of a plea of *nolo contendere*.

*People v. New*, 398 N.W.2d 358, 363 (Mich. 1986) (footnotes omitted).

8

state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner never presented his sole habeas ground to the Michigan Supreme Court. He did not timely seek review of the court of appeals' decisions on his direct appeal or the appeal of the denial of his motions for relief from judgment. It is too late to seek leave to appeal now, and he has already filed the one motion for relief from judgment he is permitted under the Michigan Court Rules. Mich. Ct. R. 6.502(G)(1).

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner presents only one challenge here: he was denied his probable cause conference. He does not claim actual innocence based on new evidence. Therefore, to avoid the procedural default bar, Petitioner

9

must demonstrate cause for his failure to raise the issue in the Michigan Supreme Court and prejudice.

Nevertheless, the U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)). *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Where, as here, the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Hudson*, 351 F.3d at 215–16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999). Because that appears to be the case here, the Court will look beyond Petitioner's procedural default and simply address the merits of his claim.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene based on a perceived error of state law. *Wilson*, 562 U.S. at 5.

There is no federal constitutional requirement for a probable cause conference. It is purely a creation of state law. Whether or not the procedures in Petitioner's case complied with state law and whether or not any failures deprived the state court of jurisdiction are purely state law questions. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Thus, this Court is bound by the state appellate court's determination that Petitioner's challenges were without merit.

Moreover, this Court is bound by a state court determination that the trial court had jurisdiction over Petitioner and his criminal prosecution. Specifically as to jurisdictional issues, the Sixth Circuit has stated that "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner's claim that his guilty plea is invalid because the state court did not have jurisdiction has been conclusively decided against him. Therefore, the jurisdiction issue affords Petitioner no grounds for habeas relief.

## IV. Claims brought on behalf of other prisoners

Petitioner purports to bring the same probable cause/jurisdictional claim on behalf of all 37,000 prisoners who are similarly situated.[5] Under Rule 2(c)(5) of the Rules Governing § 2254

---

[5] In furtherance of that end, he names as respondents the "Probable Cause Conference Director," all Michigan Chief Circuit Court Judges, all county prosecutors, all state court administrators, all

11

Cases, the petition must be signed by the petitioner or by a person authorized to sign the petition under 28 U.S.C. § 2242. Section 2242 further provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting in his behalf." A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. "[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Article III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–156. Most significantly, "when the application for habeas

---

probable cause conference supervisors, all state district court judges, all state magistrate judges, all prison wardens, and MDOC Director Heidi Washington.

corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

Here, Petitioner has not satisfied the requirements to proceed as a "next friend" for any other prisoner. He has not shown why other prisoners could not file habeas petitions on their own behalf; nor has Petitioner shown how he is qualified to serve as next friend for any other prisoner. Accordingly, the petition is properly filed only on Petitioner's behalf.

To avoid the burdens associated with proceeding as a "next friend," Petitioner moves the Court to certify a class of prisoners. Petitioner suggests that the class might include the entire population incarcerated by the MDOC. The appropriateness of class action status must be determined by the Court under Rule 23 of the Federal Rules of Civil Procedure.

The purposes of class action suits are judicial economy and the opportunity to bring claims that would not be brought absent the class action because it might not be economically feasible to bring them as individual claims. *See Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 650 (6th Cir. 2006). Federal Rule of Civil Procedure 23, which governs class certification, provides that:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder . . . is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The four prerequisites for class certification are respectively referred to as "numerosity, commonality, typicality, and adequacy of representation." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *see also*, *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006).

13

Thus, for a case to proceed as a class action, the Court must be satisfied on the grounds enumerated above, including the adequacy of class representation. *See* Fed. R. Civ. P. 23(a)(4). Plaintiff bears the burden of establishing the right to class certification. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

It is well established that *pro se* litigants are "inadequate class representatives." *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Ziegler v. Michigan,* 59 F. App'x. 622, 624 (6th Cir. 2003) (recognizing that [g]enerally pro se prisoners cannot adequately represent a class) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (recognizing that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions") (citing *Dean v. Blanchard*, 865 F.2d 257 (6th Cir. 1988) (table)), and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Palasty v. Hawk,* 15 F. App'x. 197, 200 (6th Cir. 2001) (concluding that "pro se prisoners are not able to represent fairly [a] class" (citing *Fymbo*, 213 F.3d at 1321, and *Oxendine,* 509 F.2d at 1407); *Marr v. Michigan,* No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996) (noting that "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class") (citing *Oxedine*, 509 F.2d at 1407). Because Petitioner is an incarcerated *pro se* litigant—and because his claim has no merit—the Court finds that he is not an appropriate representative of a class. Accordingly, Petitioner's request for class certification will be denied.

### V.    **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that jurists of reason could . . . conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. However, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition, an order denying Petitioner's request to certify a class, and an order denying a certificate of appealability.

Dated: October 5, 2021	/s/ Sally J. Berens
	SALLY J. BERENS
	U.S. Magistrate Judge